```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

| | |
|---|---|
| **TERESA EVON MINOR,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 20-00274-B |
| | * |
| **ANDREW M. SAUL,** | * |
| **Commissioner of Social** | * |
| **Security,** | * |
| | * |
| Defendant. | * |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's unopposed motion requesting remand of this case to the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. 25).[1] Plaintiff filed a complaint on May 14, 2020, alleging that the decision of the Commissioner of Social Security denying her application for supplemental security income was "not supported by substantial evidence on the record as a whole" and was "based upon errors of law, including but not limited to a failure to follow the required five-step procedure and failure to properly apply the listings." (Doc. 1). On April 2, 2021, Defendant filed the instant motion, asserting that this matter should be remanded to

---

[1] On April 1, 2021, the parties consented to have the undersigned Magistrate Judge conduct any and all proceedings and order the entry of a final judgment in this case. (Doc. 23). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 26).

the Commissioner of Social Security for further administrative proceedings pursuant to 42 U.S.C. § 1383(c)(3)[2] and sentence four of 42 U.S.C. § 405(g). (Doc. 25). The Commissioner states that on remand, the Appeals Council will instruct the Administrative Law Judge to (1) obtain additional evidence from Walid Freij, M.D., to clarify any ambiguities in his opinion evidence; (2) further consider Plaintiff's residual functional capacity; (3) obtain supplemental vocational expert evidence at a hearing; and (4) issue a new decision. (Id. at 1). Defendant represents that Plaintiff's attorney has been contacted and does not oppose this motion for remand. (Id.).

The plain language of sentence four of 42 U.S.C. § 405(g) empowers this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See 42 U.S.C. § 405(g). Upon consideration, the Court finds Defendant's motion to be a tacit admission that Plaintiff's application was not appropriately considered and that this action should therefore be remanded. Accordingly, the Court **GRANTS** Defendant's unopposed motion for remand (Doc. 25). The decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security

---

[2] Section 1383(c)(3) "incorporates the review provisions of 42 U.S.C. § 405(g)." Melkonyan v. Sullivan, 501 U.S. 89, 92 (1991).

income is **REVERSED,** and this case is **REMANDED** pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of 42 U.S.C. § 405(g), see Melkonyan v. Sullivan, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, see Shalala v. Schaefer, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

    **ORDERED** this **5th** day of **April, 2021.**

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**